**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAWN CHARLES MORIARTY,<br>Plaintiff,<br>v.<br>ERIN DUFFY, *et al.*,<br>Defendants. | Civil Action No. 25-13050 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an Emergency Motion for "Custody Relief, Protective Injunction, and Federal Intervention" (the "Motion") filed by *pro se* Plaintiff Shawn Charles Moriarty ("Plaintiff") in connection with a child custody dispute.[1] (ECF No. 6.) No Defendant[2] has yet appeared in this matter. Having considered Plaintiff's submission, and for the reasons explained below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff is the biological father of "F.M.," a four-year old boy. ("Compl.," ECF No. 1, ¶ ¶ 7, 20.) Plaintiff is presently embroiled in a state court custody battle with F.M.'s mother, Defendant Erin Duffy. (*Id.* ¶¶ 8, 9.) Plaintiff alleges that Ms. Duffy has "with[held] Plaintiff's court-ordered

---

[1] This Motion is an updated version of a previous Motion filed by Plaintiff (ECF No. 4) that is substantively similar but contains less up-to-date facts. Because the instant Motion (ECF No. 6) is more current, the Court will treat it as operative for purposes of rendering a decision herein.

[2] Plaintiff names twelve Defendants in his Complaint: (i) his child's mother, Erin Duffy ("Ms. Duffy"); (ii) Ms. Duffy's father, Terrence Duffy; (iii) Ms. Duffy's brother, Ryan Duffy; (iv) the Honorable John Ducey, J.S.C. ("Judge Ducey"); (v) the Honorable Ronda Cotroneo, J.S.C.; (vi) New Jersey Governor Philip D. Murphy; (vii) New Jersey Department of Children and Families; (viii) Ocean County Prosecutor's Office; (ix) Brick Township Police Department; (x) Paterson Police Department; (xi); Ocean County; and (xii) Passaic County. (ECF No. 1.)

access to his son for over 158 days,"[3] and that she has a concerning history with weapons. (*See id.* ¶¶ 20, 24 (alleging Ms. Duffy was arrested for aggravated assault with a deadly weapon[4] in the presence of F.M.), 25 (alleging Ms. Duffy sent "a photograph of herself with a loaded, cocked revolver to Plaintiff" while pregnant).) Plaintiff posits that Ms. Duffy has been shielded from accountability by Judge Ducey, who favored Ms. Duffy in judicial rulings in Ocean County Superior Court, Chancery Division – Family Part, and by her brother, Defendant Sergeant Ryan Duffy of the Paterson Police Department, who "us[ed] his authority as a police sergeant to pressure officers into favoring his sister[.]" (*Id.* ¶¶ 21–22, 29.) Further, Plaintiff alleges "high-level officials"—including Defendants Governor Murphy and Ms. Duffy's father who is a Passaic County Commissioner—"influenced judicial assignments" to Plaintiff's detriment. (*Id.* ¶ 27.)

Though details are sparse, Plaintiff alleges in his Motion that on June 24, 2025, he "filed a state-court motion . . . to enforce parenting time" but the state court had not yet "scheduled or heard" the motion. (ECF No. 6-1 ¶ 8.) Concerned about the length of time it would take for his motion to be decided (*see* ECF No. 6 ¶ 11), Plaintiff filed the instant Complaint on July 9, 2025.[5]

---

[3] Plaintiff alleges that a state family court order "mandated equal 50/50 parenting time[.]" (Compl. ¶ 26.) While alleging in his Complaint that he has been separated from his son for almost half a year, his later filings suggest the separation has not lasted that long. (*See* ECF No. 6-1 ¶ 8 (referencing a separation of "two months").)

[4] An exhibit attached to the Complaint reveals the "deadly weapon" used by Ms. Duffy was a pair of scissors that caused "minor abrasions" to Plaintiff's left shoulder during a domestic dispute. (ECF No. 1-5 at 9.)

[5] Plaintiff filed hundreds of pages of exhibits with his Complaint (*see* ECF Nos. 1-2–1-15) and provided the Court with a USB containing video exhibits. (ECF No. 1-17.) The majority of the exhibits are court filings in Plaintiff and Ms. Duffy's custody matter, though some exhibits are unreadable due to the poor scan quality. Notable to the Court is an Order issued by Judge Ducey on June 3, 2025 which suspended Plaintiff's parenting time pending an investigation by Defendant New Jersey Department of Children and Families, Division of Child Protection & Permanency because there were allegations against Plaintiff and his friend of "child abuse . . . including physical harm being done to the child as well as sleep aids being used." (ECF No. 1-12 at 2.) On June 12, 2025, Plaintiff's parenting time was reinstated provided that Plaintiff's friend was "never in the presence of the child or ha[d] contact of any kind with the child." (ECF No. 1-14.)

(ECF No. 1.) He alleged six claims, including three claims pursuant to 42 U.S.C. §§ 1983 and 1985, a "*Monell*" claim, and two state law claims for defamation and intentional infliction of emotional distress. (*Id.* ¶¶ 30–50.) Among other things, Plaintiff sought "sole legal and physical custody" of F.M., "[d]eclaratory judgment finding that Defendants violated Plaintiff's constitutional rights," and a "[s]tay and vacatur" of state family court financial sanctions. (*Id.* at 8.)

Prior to serving any Defendants, Plaintiff filed the instant "Emergency Motion" pursuant to Federal Rule of Civil Procedure 65. (ECF No. 6.) This Motion includes additional allegations regarding Ms. Duffy's parenting and the purported conspiracy against Plaintiff undertaken by a wide range of Defendants. For example, Plaintiff alleges Ms. Duffy failed to appear for a scheduled custody exchange on July 14, 2025 and blocked Plaintiff on their court-ordered communication platform. (ECF No. 6-1 ¶ 9.) With respect to the conspiracy against him, Plaintiff alleges that Defendant Brick Police Department did not take seriously his concerns regarding F.M.'s safety with Ms. Duffy after Ms. Duffy took the child on vacation to an unknown location. (ECF No. 6-1 ¶ 10.) Ultimately the Motion asks this Court to grant Plaintiff (i) an "immediate restoration of parenting time"; (ii) "immediate full legal and physical custody" of F.M.; (iii) an injunction enjoining Defendants, including Ms. Duffy, "from any further interference with Plaintiff's parenting time or removal of the child from New Jersey"; (iv) "[a] stay of all New Jersey family court financial sanctions," and (v) "[a]n order compelling release of [reports by Defendant New Jersey Department of Children and Families] and psychiatric reports" concerning Ms. Duffy. (*See* ECF No. 6 at 5; ECF No. 6-1 at 3.)

## II. LEGAL STANDARD

Granting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharm.,*

*Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). The Court considers four factors: (i) whether the movant has shown "a reasonable probability of eventual success in the litigation"; (ii) whether the movant "will be irreparably injured . . . if relief is not granted"; (iii) "the possibility of harm to other interested persons from the grant or denial of the injunction"; and (iv) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). The movant bears the burden of showing his entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)). The Court also has a "duty to be mindful" of Plaintiff's *pro se* status when examining his pleading. *Levine v. Fin. Freedom*, No. 18-4127, 2018 WL 4688338, at *2 (D.N.J. Sept. 28, 2018).

## III. DISCUSSION

The Court cannot grant any of Plaintiff's requested relief, and thus Plaintiff fails to show any probability of success herein. *Reilly*, 858 F.3d at 176. Much of the relief Plaintiff seeks is beyond this Court's jurisdiction. To start, this Court cannot alter Plaintiff's state family court custody order either by restoring his parenting time or granting him full custody of F.M. It is "axiomatic that federal courts do not have jurisdiction to adjudicate child custody disputes." *Hone v. Tadros*, No. 21-5970, 2022 WL 494111, at *2 (D.N.J. Feb. 17, 2022). The United States Supreme Court has held that this "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "To the extent that Plaintiff seeks review of any temporary or permanent child custody or parental rights determinations, his recourse lies in an appeal within the state court system because this federal court lacks jurisdiction to entertain these claims." *Foster v. New Jersey Div. of Child*

*Prot. & Permanancy*, No. 17-13572, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018); *see Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 20-2619, 2021 WL 825451 (D.N.J. Mar. 4, 2021), *aff'd sub nom. Vaughn:Douce v. New Jersey Div. of Child Prot. & Permanency*, No. 21-1596, 2021 WL 3403670 (3d Cir. Aug. 4, 2021). Further, Plaintiff's request for this Court to enjoin Defendants in order to "prevent[] further unlawful interference" in his custody matters likely fails for similar reasons. At a minimum, this request is an "impermissibly overbroad 'obey-the-law' order[], which [is] unenforceable for lack of specificity." *Falcone v. Dickstein*, 92 F.4th 193, 204 (3d Cir. 2024).

For related reasons, this Court also cannot "stay" financial sanctions entered against Plaintiff in state family court. Although the specifics of these sanctions are not alleged, it appears Plaintiff has been ordered to pay monthly child support and legal fees in connection with state family court motion practice. (ECF No. 1-15.) "The Third Circuit has consistently held that the *Rooker-Feldman* doctrine prohibits suits brought in federal court where, as here, Plaintiff challenges the judgments of state family courts." *Adamo v. Jones*, No. 15-1073, 2016 WL 356031, at *7 (D.N.J. Jan. 29, 2016) (internal citations omitted). According to the Third Circuit, *Rooker-Feldman* applies when four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

Here, the first element is satisfied given that the Motion suggests Plaintiff lost in "New Jersey family court" by having "financial sanctions" entered against him. (*See* ECF No. 6 at 5.) The second element is also satisfied because Plaintiff complains of the financial injuries these sanctions have caused him. (*Id.* (complaining of indigency).) Further, because Plaintiff indicated

in his Complaint that he sought a "[s]tay and vacatur" of financial sanctions in state family court, the Court can infer that these sanctions were rendered *before* he filed this federal action. (*See* ECF No. 1.) Thus, the third element is satisfied. Turning to the final factor set forth by the Third Circuit in *Great Western Mining & Mineral Co.*, Plaintiff is clearly asking this Court to reject the state court judgment that imposed financial sanctions against him. (ECF No. 6 at 5; ECF No. 6-1 at 3.) Thus, *Rooker-Feldman* precludes this Court from entering the relief Plaintiff seeks with respect to financial sanctions imposed by a state family court.

Finally, "[u]nder federal law [TROs] should be restricted to serving their underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)). Plaintiff's requests for both reports by the New Jersey Department of Children and Families and psychiatric reports concerning Ms. Duffy go beyond maintaining the *status quo*. While altering the *status quo* without notice to opposing parties can occur in "extraordinary circumstances," Plaintiff has failed to make a showing of such circumstances. *Fifth Third Bank v. Acad. Bus, LLC*, No. 21-12271, 2021 WL 9667964, at *3 (D.N.J. June 9, 2021). Indeed, the Motion is bereft of any reference as to why Plaintiff requires these reports in the first place or how the reports relate to Plaintiff's purported causes of action. Thus, because Plaintiff cannot show a reasonable probability of success with respect to any of the relief sought, the Motion is **DENIED**.[6]

---

[6] For the reasons discussed hereinabove, among others, the Court is also skeptical of its subject matter jurisdiction over this dispute. Nonetheless, in construing Plaintiff's pleading liberally and noting allegations related to constitutional violations disconnected from his state custody orders, *see Ludwig v. Berks Cnty., Pa.*, 313 F. App'x 479, 482 (3d Cir. 2008), the Court will presume for purposes of this Motion that its jurisdiction is proper.

**THEREFORE**, it is on this 21st day of July, 2025, **ORDERED** that:

1. Plaintiff's Motion (ECF No. 6) is **DENIED**;
2. The Clerk of the Court is directed to **TERMINATE** the Motion pending at ECF No. 6; and
3. The Clerk of the Court is directed to mail this Memorandum Order to Plaintiff by regular U.S. mail.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE